1:24-mj-01259-ABA

☑ FILED ___ ENTERED
___ LOGGED _____ RECEIVED

3:19 pm, Jun 06 2024
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____R.M._____Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF ONE CELLPHONE CURRENTLY IN THE POSSESSION OF THE ATF BALTIMORE FIELD OFFICE | Case No. 1:24-mj-01259-ABA |

## AFFIDAVIT IN SUPPORT OF APPLICATIONS FOR SEARCH WARRANTS

I, Special Agent ("SA") Lindsay Erbe of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), being duly sworn, depose and state as follows:

### INTRODUCTION

1. The ATF and the Baltimore Police Department ("BPD") have been investigating Desean JOHNSON for violations of 18 U.S.C. § 922(g)(1) (possession of a firearm and ammunition by a prohibited person) 21 U.S.C § 841(a) (possession with intent to distribute controlled substances), 18 U.S.C. § 924(c) (possession of a firearm in furtherance of a drug trafficking crime), and 18 U.S.C. § 922(q), possession of a firearm in a school zone (collectively the "**SUBJECT OFFENSES**").

2. Pursuant to Federal Rule of Criminal Procedure 41, I submit this Affidavit in support of a search warrant authorizing the search of a black Apple iPhone in a clear case, cataloged as "ATF Evidence Number 1" ("**TARGET TELEPHONE**"; further described in Attachment A) recovered from JOHNSON during his arrest on May 1, 2024, and taken into ATF custody on May 16, 2024. The **TARGET TELEPHONE** is securely stored at the Baltimore Field Division of the ATF, located at 31 Hopkins Plaza, Suite 500, Baltimore, Maryland 21201.

3. Because this Affidavit is being submitted for the limited purpose of establishing probable cause for the requested search warrants, I have not included every fact known to me concerning the entities, individuals, and the events described in this Affidavit. Rather, I have set

forth only those facts that I believe are necessary to establish probable cause. I have not, however, excluded any information known to me that would defeat a determination of probable cause. The information contained in this Affidavit is based upon my personal knowledge, my review of documents and other evidence, and my conversations with other law enforcement officers and other individuals. All conversations and statements described in this Affidavit are related in substance and in part unless otherwise indicated.

## AFFIANT BACKGROUND

4. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2516 of Title 18, United States Code.

5. I have been a Special Agent (SA) with the ATF since 2014 and I am currently assigned to the ATF Baltimore Field Division, Group VII. I attended the Department of Homeland Security's Criminal Investigator Training Program and ATF's Special Agent Basic Training for a combined period of 26 weeks. Prior to joining ATF, I worked for approximately 11 years as a federal police officer with the United States Capitol Police in Washington, D.C.

6. I have participated in investigations concerning the illegal possession of firearms, violations of controlled substance laws, and the commission of violent crimes by organized gangs. I received specialized training and personally participated in various types of investigative activities, including but not limited to: (a) physical surveillance; (b) the debriefing of defendants, witnesses, informants, and other individuals who have knowledge of firearms and controlled substance laws; (c) code words and phrases used by criminals when referencing firearms and narcotics; (d) undercover operations; (e) the execution of search warrants; (f) the consensual

monitoring and recording of conversations; (g) electronic surveillance through the use of pen registers and trap and trace devices; (h) the handling and maintenance of evidence; and (i) Title III investigations.

7. Throughout my training and experience, I have become familiar with the way narcotics traffickers use violence to further and protect their enterprise. I am familiar with the manners in which illegal drugs are transported, stored, and distributed; the methods of payment for such drugs; the possession and use of firearms in connection with the trafficking of such drugs; and the way narcotics traffickers store and conceal the proceeds of their illegal activities.

8. Based upon my training and experience, my conversations with other agents, and my participation in this and other drug and firearms trafficking investigations, I know the following about the way drug and firearm traffickers use of cellular telephones and other electronic devices:

  a. They often use cellular telephones and other electronic devices, to communicate with customers and/or co-conspirators via voice calls, text messages, and FaceTime calls. These communications are often stored on cellular telephones and other electronic devices;

  b. They often use multiple cellular telephones, and other electronic devices, including individual contacts used for particular customers or co-conspirators;

  c. They often use cellular telephones to maintain telephone number "contact lists" of customers and/or co-conspirators;

  d. They often carry firearms to protect themselves and their drug proceeds and to enforce drug debts;

  e. They often use the digital cameras on their cellular telephones to take pictures of themselves with their co-conspirators, holding handguns or other weapons, or handling controlled substances or proceeds. These pictures are often stored on a cellular telephone. I know that the **TARGET TELEPHONE** is equipped with a camera; and

  f. They often keep logs of drug debts owed by customers or to suppliers, often referred to as an "owe sheet" or "tally sheet." These logs can be kept on cellular telephones. Additionally, drug traffickers may attempt to launder drug proceeds by intermingling them with legitimate funds, evidence of which may be stored electronically on cellular telephones and other electronic devices.

## PROBABLE CAUSE

9. On May 1, 2024, at approximately 3:20 p.m., BPD officers watched through CCTV cameras a group of individuals shooting dice in the 1600 block of Cliftview Avenue in Baltimore City, Maryland. Officers observed a black male, later identified as JOHNSON, grab his waistband and adjust an object through his pants in the front waistband/groin area. JOHNSON repeatedly adjusted the object through the outside of pants as well as reaching inside his pants to adjust the object. BPD continued watching for approximately 10 more minutes. They saw JOHNSON grab the groin area of his pants and as JOHNSON moved his hand, the object was seen moving beneath the waistband, several inches above where JOHNSON was making the adjustment.

10. One of the officers knew JOHNSON from previous incidents and knew JOHNSON to be on supervised release for a federal conviction. Officers responded to the 1600 block of Cliftview Avenue. They detained JOHNSON, recovered the **TARGET TELEPHONE** from JOHNSON's hand, and conducted a weapons pat down. They recovered a black and silver Ruger SR40C, .40 caliber firearm bearing serial number 343-75431 containing 10 rounds of .40 caliber ammunition from his waistband. Officers arrested JOHNSON and recovered five pink top jugs containing crack cocaine[1] inside JOHNSON's underwear, and approximately $600.

11. Officers submitted the **TARGET TELEPHONE** and other evidence to the Evidence Control Unit of BPD. JOHNSON is incarcerated pending the outcome of his state case and has not asked for the **TARGET TELEPHONE** to be returned.

12. BPD Firearms Lab test-fired the Ruger pistol; therefore, the Ruger satisfies the definition of a firearm under 18 U.S.C. § 921(a)(3). I know based on my training and experience

---

[1] BPD lab confirmed the substances inside the pink top jugs as crack cocaine.

4

that the Ruger was not made in Maryland; therefore, the Ruger affected interstate commerce. ATF was recently assigned the case and took custody of the **TARGET TELEPHONE** on May 16, 2024.

13. I know that the 1600 block of Cliftview Avenue is located within the school zone surrounding Harford Heights Elementary School located at 1919 N. Broadway, Baltimore, Maryland[2]. I therefore believe that there is probable cause to believe JOHNSON possessed a firearm in a school zone, in violation of 18 U.S.C. § 922(q) on May 1, 2024.

14. JOHNSON is a previous federal defendant. On September 6, 2023, JOHNSON pleaded guilty to 18 U.S.C. § 924(c), possessing of a firearm in furtherance of a drug trafficking crime in the U.S. District Court for the District of Maryland. On November 13, 2023, JOHNSON received a sentence of 72 months incarceration followed by 36 months supervised release. On or about January 12, 2024, JOHNSON was released from incarceration. Therefore, JOHNSON is prohibited from possessing firearms and ammunition pursuant to 18 U.S.C. § 922(g)(1) and should have known his status at the time he possessed the Ruger pistol on May 1, 2024.

15. The circumstances surrounding the recovery of the Ruger pistol, the crack cocaine packaged in small plastic jugs, and the quantity of cash, indicate that JOHNSON possessed the firearm in furtherance of a drug trafficking crime. Therefore, I believe that the **TARGET TELEPHONE** will contain evidence of the **SUBJECT OFFENSES**.

16. Because this warrant seeks only permission to examine the **TARGET TELEPHONE** already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premise. It is reasonable to allow law enforcement to execute the requested searches at any hour of the day, even during the evening or night, if doing so is

---

[2] Pursuant to 18 U.S.C. 921(a)(25) the term "school zone" means— (A) in, or on the grounds of, a public, parochial or private school; or (B) within a distance of 1,000 feet from the grounds of a public, parochial or private school.

convenient for the investigators or examiners. Because the devices are already in law enforcement custody, there will be no prejudice to any other person from this request.

## FORENSIC ANALYSIS OF ELECTRONIC COMMUNICATIONS DEVICES

17. Based on my training and experience, I know that electronic communications devices such as cellphones can store information for long periods of time. Similarly, things that have been viewed via the internet are typically stored for some period on the device. This information can sometimes be recovered with forensics tools. There is probable cause to believe that things that were once stored on the **TARGET TELEPHONE** may still be stored on the devices, for various reasons, as discussed in the following paragraphs.

18. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the **TARGET TELEPHONE** was used, the purpose of its use, who used it, and when.

19. There is probable cause to believe that this forensic electronic evidence might be on the **TARGET TELEPHONE** because data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active. Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the cellphone was in use.

20. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

21. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

22. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a cellphone is evidence may depend on other information stored on the cellphone and the application of knowledge about how a cellphone behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

23. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

24. During this case and in numerous others involving the **SUBJECT OFFENSES**, investigators have learned that suspects rely heavily on electronic devices to facilitate these types of offenses. It is necessary to conduct a physical inspection of the **TARGET TELEPHONE** in order to obtain electronic communications and other information that might be stored on the **TARGET TELEPHONE** and to determine whether the **TARGET TELEPHONE** was the subject of wiretap, pen register, or other investigation detailed herein. In addition, the **TARGET TELEPHONE** may contain data and communications that were not electronically intercepted

due to encryption or for other reasons.

25. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the **TARGET TELEPHONE** consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection to determine whether it is evidence described by the warrant.

26. The **TARGET TELEPHONE** remains in the custody of law enforcement the known specifics of the device requested for authorization to search are detailed in Attachment A and the types of information expected to be recovered from the devices are listed in Attachment B.

27. Based on my knowledge, training, and experience, and the direct circumstances of this case, I believe that JOHNSON may have used the **TARGET TELEPHONE** to communicate about the **SUBJECT OFFENSES** and other crimes related to this investigation. In my experience, drug traffickers tend to keep and store communications and other information in their accounts well after the completion of such crimes and continue to communicate through their electronic devices about their crimes after the crimes have been completed. Therefore, I believe that the **TARGET TELEPHONE** will contain evidence of JOHNSON possessing, buying, selling, or trading firearms and narcotics. I believe that the **TARGET TELEPHONE** may provide additional evidence of these crimes and may still contain evidence that may be relevant to the investigation of the **SUBJECT OFFENSES**.

## AUTHORIZATION FOR SEARCH OF CELLULAR PHONE

28. There is probable cause to believe that evidence will be found from an analysis of the **TARGET TELEPHONE** may contain the records of the most recent calls, which may

include calls with persons involved in the **SUBJECT OFFENSES**. The **TARGET TELEPHONE** may contain copies of SMS or text or other electronic communications relating to activities associated with the **SUBJECT OFFENSES**. Also, the **TARGET TELEPHONE** may contain a variety of other electronic evidence, including electronic communications through various cellular or internet-based applications, photographs, and other information.

29. Wherefore, in consideration of the facts presented, I respectfully request that this Court issue a search warrant for the **TARGET TELEPHONE** and authorize the search of the item described in Attachment A, for the information set forth in Attachment B.

## CONCLUSION

30. Based upon the information set forth in this affidavit, I respectfully submit probable cause exists to believe that the **TARGET TELEPHONE** will contain evidence of violations of federal law, to include possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g); possession with the intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a); possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c); and possession of a firearm in a school zone, in violation of 18 U.S.C. § 922(q).

WHEREFORE, in consideration of the facts presented, I respectfully request that this Court issue a search warrant, further described in Attachment A, for the purpose of seizing the items particularly described in Attachment B.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

LINDSAY ERBE
Digitally signed by LINDSAY ERBE
Date: 2024.05.20 14:59:11 -04'00'

Special Agent Lindsay Erbe
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on this __22nd__ day of May, 2024.

_____
The Honorable Adam B. Abelson
United States Magistrate Judge